[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON INFINITY INSURANCE COMPANY'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER AND HONDA LEASE TRUST'S OBJECTION THERETO
Nonparty Infinity Insurance Company ("Infinity") has moved to quash a subpoena issued to it by defendant Honda Lease Trust and has further sought a protective order against having to produce an employee at a deposition and against having to disclose certain insurance information to Honda Lease Trust. Infinity asserts that it cannot provide the information requested because of the provisions of the Connecticut Insurance Information and Privacy Protection Act, Conn. Gen. Stat. §38a-975 et seq. Though the motions were filed several months ago, the request for adjudication was not filed until September 5, 2002.
This discovery dispute arises in a case in which the plaintiffs have sued Ricky Anderson, the alleged driver; Devon Abney, the alleged lessee; and American Honda Finance Corporation and Honda Lease Trust, the alleged lessors, of a vehicle claimed to have collided with the plaintiff pedestrians on a Waterbury street in April 2001.
The movant insurance company alleges that on February 11, 2002, counsel for Honda Lease Trust ("Honda") issued a subpoena requiring Steve Gallagher to appear at a deposition and to produce listed documents in the possession of Infinity Insurance Company concerning automobile insurance allegedly issued by Infinity to Devon Abney. The movant objects that the subpoena is "vague and overly broad" and that compliance with the subpoena is prohibited pursuant to Conn. Gen. Stat. § 38a-988
without a judicial order. Honda has objected to Infinity's motions and apparently continues to desire to take the deposition at issue and to obtain the documents requested.
Neither party has provided the court with a copy of the subpoena at issue; however, Infinity included in the text of its reply to Honda's objection, dated June 21, 2002, a listing of the documents requested by CT Page 12054 that party in the contested subpoena duces tecum. While it would have been preferable to supply the court with a copy of the actual subpoena duces tecum, since Honda has not asserted that the text set forth in Infinity's reply is inaccurate, the court will adjudicate the matter on the assumption that Honda listed the following items in the contested subpoena duces tecum;
1. A complete certified copy of any insurance Infinity issued to Devon Abney between October 2000 and the present;
2. Copies of any applications and all documents relating to such applications for insurance that Devon Abney submitted to Infinity between October 2000 and the present;
3. Copies of all documents relating to any insurance policy Infinity issued to Abney "including a complete copy of the underwriting file for each insurance policy and all documents relating to any cancellation of any policy Infinity Insurance Co. issued to Devon Abney;
4. Copies of any and all documents in Infinity's possession that relate to the motor vehicle accident at issue.
Infinity has stated in its motion that Honda is not an insured of Infinity Insurance
Company on the insurance policy it issued to Devon Abney. (Motion to Quash Subpoena of Steve Gallagher, at page 2.)
Honda asserts that "the information and materials Honda seeks to obtain from Mr. Gallagher are material to Honda's investigation and defense of this case because the information relates to the issue of Abney's compliance with the terms of the lease agreement and the factual issues concerning the accident and the liabilities of the respective defendants to this action."
Statutory Limitations on Disclosure of Insurance Information
The Connecticut Insurance Information and Privacy Protection Act provides that "an insurance institution, agent or insurance-support organization shall not disclose any personal or privileged information concerning an individual collected or received in connection with an insurance transaction" except in certain situations defined in the subsections of that statute. "Insurance transaction" is defined at Conn. Gen. Stat. § 38a-976 (n) as "any transaction involving insurance primarily for personal, family or household needs rather than business or CT Page 12055 professional needs which involves: (1) The determination of an individual's eligibility for an insurance coverage, benefit or payment, or (2) the servicing of an insurance application, policy, contract or certificate."
The Act defines "personal information" as "any individually identifiable information gathered in connection with an insurance transaction from which judgments can be made about an individual's character, habits, avocations, finances, occupation, general reputation, credit, health or any other personal characteristics. `Personal information' includes an individual's name and address and `medical-record information' but does not include `privileged information.'" § 38a-976 (t).
The Act defines "medical-record information" as "personal information which: (1) relates to the physical, mental or behavioral health condition, medical history or medical treatment of an individual or a member of the individual's family, and (2) is obtained from a medical professional or medical-care institution, from a pharmacy or pharmacist, for the individual, or from the individual's spouse, parent or legal guardian or from the provision of or payment for health care to or on behalf of an individual or a member of the individual's family." §38a-976 (r).
The Act defines "privileged information" as "any individually identifiable information that: (1) relates to a claim for insurance benefits or a civil or criminal proceeding involving an individual, and (2) is collected in connection with or in reasonable anticipation of a claim for insurance benefits or a civil or criminal proceeding involving an individual; provided information otherwise meeting the requirements of this subsection shall nevertheless be considered `personal information' under sections 38a-975 to 38a-998, inclusive, if it is disclosed in violation of section 38a-988." § 38a-976 (w).
Honda asserts that it is entitled to access to the information listed in its subpoena duces tecum because Conn. Gen. Stat § 38a-988 (h) exempts from the prohibition against disclosure those disclosures made "[i]n response to a facially valid administrative or judicial order, including a search warrant or subpoena," and it takes the position that a subpoena issued by counsel for a party is the sort of "judicial order" which lifts the prohibition against disclosure.
Is the information sought protected by the Act?
Conn. Gen. Stat. § 38a-988 protects from disclosure only the kinds CT Page 12056 of information specificially identified in that provision, set forth above. The information sought in paragraph 1 of the request for documents is not within that definition.
The information sought at paragraphs 2 and 3, applications for insurance and underwriting information, are likely to contain some protected and some unprotected information. The court finds that the unprotected information is either relevant or likely to lead to relevant information, and that the documents should be provided with all personal and privileged information redacted.
Paragraph 4 of Honda's request is so vague and broad that it appears to request information and documents that mostly consist of privileged information, as that term is defined in § 38a-976 (w).
Is Access Authorized by the Exemption for Judicial Orders?
Honda asserts that it is entitled to the documents requested because its counsel issued a subpoena requesting them, and it asserts that such a subpoena is sufficient to trigger the exemption from privacy set forth in § 38a-988 (h), which allows disclosure "in response to a facially valid administrative or judicial order, including a search warrant or subpoena." Honda invokes no other statutory exemption from the general rule of protection from disclosure.
While Conn. Gen. Stat. § 52-148e permits lawyers to issue subpoenas, this statute also provides that subpoenas may be issued directly by judges. Subpoenas issued by lawyers without any review by a judicial authority are not "judicial orders" unless and until their validity and enforceability have been approved by an order of the court. Had the General Assembly meant to provide that personal and privileged information about insureds could be disclosed merely in response to any subpoena, it could certainly have so provided in § 38a-988. The use of the term "facially valid . . . judicial order" can be plainly and unambiguously understood as applying only to orders of a judicial authority. Honda has presented no evidence that any judicial authority issued an order authorizing its access to insurance records protected from disclosure by the Act. The broad information it seeks encompasses both personal and privileged information, and it has advanced no justification for disturbing the privacy protected by the Act other than its own use for the information in defending against the plaintiffs' claims. It has not asserted that this information is not available from other sources, including its own investigations.
Conclusion
CT Page 12057
Section 38a-988 does not bar disclosure of the information requested at paragraph one of the subpoena duces tecum, and the motions to quash and for protective order are denied with regard to the documents described therein.
Section § 38a-988 bars disclosure only of personal or privileged information from the documents described at paragraphs two and three, and the motions to quash and for protective order are granted only to the extent that such information shall be redacted.
The information requested in paragraph four is protected from disclosure by § 38a-988, and no exemption having been shown to apply, and no sufficient justification for disclosure having been demonstrated, the motion to quash and for protective order are granted with regard to the documents requested in that paragraph.
 Beverly J. Hodgson Date Judge of the Superior Court
CT Page 12058
CT Page 12058